**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CORY GIBSON**                                                                    **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 3:09-CV-119-H**

**JERRY ABRAMSON et al.**                                                          **RESPONDENT**

<u>**MEMORANDUM OPINION**</u>

Petitioner, Cory Gibson, who is incarcerated at the Louisville Metro Department of

Corrections (LMDC), has filed this action seeking habeas relief.  However, his petition does not

challenge the constitutionality of a conviction or his detention.  Rather, Petitioner is challenging

the conditions of confinement at LMDC.  He complains that he has been harassed by officers

after he was falsely written up for being in possession of a shank and after he filed grievances

regarding his treatment; that items were confiscated by prison authorities; that he was confined

in a small cell without table, stool, or running water; that he received sack lunches instead of hot

meals; that he was moved to a dorm without phone, television, heat, or hot water; that he

received inadequate medical treatment for an injury to his ankle; and that he has been denied

eyeglasses because he is indigent.  Petitioner names as Respondents Mayor Jerry Abramson;

LMDC mediator Kim Allen; LMDC director Mark Bolton; LMDC retired director Tom

Campbell; LMDC deputy director Laura McKune; LMDC classification coordinator Jamie

Allen; Chief Daniel T. Goyette; and LMDC supervisor Steve Flener.

Petitioner asks for "injunctive relief based on all areas of conditions of his confinement."

He states that he does not want the Court to interpret this action as one under 42 U.S.C. § 1983

but as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He further states that if the

writ of habeas corpus under § 2254 is not applicable then it should be interpreted as a "federal

writ of mandamus" under Fed. R. Civ. P. 76 and 81.  For the reasons that follow, the Court will dismiss Petitioner's action.

Where a prisoner is challenging the fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U .S. 475, 500 (1973).  However, habeas relief is not available to prisoners who are complaining only of mistreatment during their legal incarceration.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the habeas] core and may be brought pursuant to § 1983 in the first instance.").  Because Petitioner challenges only the conditions of his confinement, his claims are not properly pursued in a habeas action.  *See Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

After it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983, a district court is free to dismiss the action without prejudice to allow the petitioner to raise his potential civil-rights claims properly as a § 1983 action.  *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "Although liberal construction requires active interpretation of the filings of a pro se litigant, it has limits.  Liberal construction does not require a court to conjure allegations on a litigant's behalf, and a pleading must provide notice to the opposing party of the relief sought."  *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted) (affirming district court's dismissal of § 2254 petition where complaints should have been pursued under § 1983).

2

Petitioner cites to Rule 76 and 81 in support of his request that the Court consider this a mandamus action if it finds that habeas relief is not appropriate.  Federal Rule of Civil Procedure 76, which dealt with appeal from a magistrate judge's decision, has been abolished.  Rule 81 abolishes the writ of mandamus, providing that relief previously available under the writ is obtainable through appropriate action or motion under the Rules.  Fed. R. Civ. P. 81(b).  However, "[i]t is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought.  In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).  Therefore, the Court cannot interpret the petition as one for mandamus.  By separate Order the Court will dismiss the instant petition without prejudice.

In the event that Petitioner attempts to appeal this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), i.e., a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*

4412.009

4